UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GARY ROBINSON, SR.                                                    PLAINTIFF

v.                                        CIVIL ACTION NO. 3:22-CV-68-GNS

JERRY N. HIGGINS                                                     DEFENDANT

## MEMORANDUM OPINION

Plaintiff Gary Robinson, Sr., initiated this *pro se* action by filing a document titled "Notice of Removal to the United States District Court." The Court construes the document as a notice of removal of a state-court action. For the reasons stated herein, the Court will dismiss the notice of removal and remand the action to the Jefferson Circuit Court.

I.

The caption of the notice of removal (DN 1) references "State Court Cause No. 17CI1400112" and states that the document is a "petition for removal from the Justice of The Peace Court of Jefferson County, KY." Plaintiff names an attorney, Jerry N. Higgins, as the Defendant in this action. The notice of removal itself contains no additional information about the state-court action. Plaintiff simply states, "There have been, and continue to be, violations against the civil and constitutional rights of this/these undersigned Defendant(s) in this cause . . . ."

In an attachment to the notice of removal (DN 1-1), Plaintiff states that he filed this civil-rights action "seeking immediate injunctive and declaratory relief to redress and prevent further deprivation of the plaintiff's rights under 42 U.S.C. Sec. 1983." In this document, he lists Higgins, as well as Judge Mary Shaw and Master Commissioner Carole Schneider as "Defendants." He then states, "No corporation can legally give its self-judicial authority. It appears foreclosure judge is not a real judge with legal judicial authority and is participating in the misconduct of making a

legal determination as an administrative judge without jurisdiction."  Plaintiff further states as follows:

> The defendant's, acted with deliberate indifferent to the Constitution and federal laws when performed an illegal foreclosure.  During that foreclosure the Master Commissioner issued the plaintiff a foreclosure.  The Master Commissioner signed the summons as an officer of the court in violation of the "separation of the power clause in the constitution."  The defendant's conspired to violate the plaintiff's right UNDER 42 U.S.C. CODE SEC. 1983, the plaintiff's right to due process. . . .  The parties in this foreclosure court have a conflict of interest because they are all being paid by the same state corporation.  Municipal court has no legal authority to make a legal determination in an administrative court process. . . .

In another attachment to the petition titled "Opinion of Facts" (DN 1-2), Plaintiff writes:

> The Circuit Court and the State Court of Kentucky violated my Fourteenth Amendment rights by not giving me a hearing before the sale of my property.  I filed an appeal with the Court of Appeals and turned my case over to my attorney . . . and he had it dismissed and did not inform me of it until six months later.  I could have appealed it all to the Federal Court under the appeals process. Therefore, I am here in Federal Court today trying to get due process, this was a violation of my 14 Amendment of the Constitution.  My attorney [], I believe, was a part of this illegal process by the State of Kentucky and their court process.

A few days after filing these documents, Plaintiff filed a civil cover sheet in which he indicated that the basis of jurisdiction for this action was federal-question jurisdiction and the nature of suit was "Foreclosure"; checked the box for "original proceeding"; and indicated that the cause of action was "42 U.S.C. sec. 1983" and "Illegal Foreclosure" (DN 4).

Plaintiff also filed a document titled "Demand for a Trial by Jury" (DN 6).  The heading of this document states:

> 5.5-MILLION DOLLAR CLAIM UNDER 42 U.S. CODE SEC. 1983 ACTION FOR DEPRAVATION OF CIVIL RIGHTS, VIOLATION OF THE "TUCKERS ACT" CODIFIED AT 28 U.S.C. SEC. 1346(a) and 1491, AND VIOLATION OF THE ADMINISTRATION PROCEDURES ACT OF 1946 AT 5 USC § et seq. THIS CLAIM IS ALSO FOR VIOLATION OF DUE PROCESS."

In this document, Plaintiff outlines several "fatal flaws" which he asserts "blocked Foreclosure Court's Jurisdiction."

## II.

Federal courts are under an independent obligation to examine their own jurisdiction. *United States v. Hays*, 515 U.S. 737, 742 (1995). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Section 1441 of Title 28 of the United States Code provides that "any civil action brought in a State court **of which the district courts of the United States have original jurisdiction**, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Therefore, a civil action may be removed from a state court only when the district court has original jurisdiction over the state-court action.

A federal district court may have jurisdiction over such a case in one of two ways. First, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This statute confers on the federal district courts what is known as federal-question jurisdiction. Second, pursuant to 28 U.S.C. § 1332, diversity jurisdiction arises when the matter is between citizens of different states and the amount in controversy exceeds $75,000.

The party seeking to remove an action to federal court has the burden of establishing that the district court has original jurisdiction. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). Removal statutes are narrowly construed because federal courts are courts of limited jurisdiction and because removal of a case raises significant federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 555 (6th Cir. 2005). The Sixth Circuit Court

of Appeals follows a policy that "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (citation omitted).

In determining whether an action has been properly removed to federal court, the Court must examine the face of the state-court complaint. District courts have federal-question removal jurisdiction over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the [state-court] plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). Here, Plaintiff has not provided the Court with the complaint from his underlying state-court action. However, the Sixth Circuit has held that removal of a foreclosure action from state court to federal court is generally improper and "devoid of even fair support." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007); *see also Deutsche Bank Nat'l Trust Co. v. Montgomery*, No. 1:13-cv-367-MRB, 2014 U.S. Dist. LEXIS 152209 (S.D. Ohio Oct. 27, 2014) (remanding improperly removed foreclosure action); *Citigroup Global Markets Realty Corp. v. Brown*, No. 2-13-cv-1232, 2014 U.S. Dist. LEXIS 133531, at *14 (S.D. Ohio, Sept. 23, 2014) ("The claims in a foreclosure action do not depend on the validity, construction, or effect of a federal law."); *CitiMortgage v. Nyamusevya*, No. 2:13-cv-680, 2014 U.S. Dist. LEXIS 39605 (S.D. Ohio Mar. 21, 2014) (no federal jurisdiction over state foreclosure action). Moreover, the documents Plaintiff has filed provide no basis for concluding that the complaint in the state-court action presents a federal question. And although Plaintiff attempts to assert federal claims under § 1983, the Fifth and Fourteenth Amendments of the United States Constitution, and various federal statutes in his "removal documents," or relies on these as defenses to the state-court action, "it is now settled law that a case may not be removed to federal court on the basis of a federal defense

... even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393 (emphasis in the original) (citing *Franchise Tax Board*, 463 U.S. at 12); *see also Beneficial National Bank v. Anderson*, 539 U.S. 1, 6, 123 S. Ct. 2058 (2003); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Chase Manhattan Mortgage Corp.*, 507 F.3d at 915.

Finally, although Plaintiff does not assert that removal is proper based upon diversity jurisdiction under § 1332, the Court confirms that it is not. The removal statute provides that a civil action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Even if there is complete diversity among the parties, the presence of a properly joined and served resident defendant bars removal. *Chase Manhattan Mortg.Corp. v. Smith*, 507 F.3d at 914; *Fed. Nat'l Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989). Thus, because Plaintiff is the ostensible defendant in the state-court action and he indicates that he is a citizen of Kentucky, removal on the basis of diversity jurisdiction is barred under § 1441(b).

Accordingly, the notice of removal must be dismissed for lack of subject-matter jurisdiction. The Court will enter a separate Order dismissing the action and remanding to the state court.

**III.**

For the foregoing reasons, the Court will dismiss the notice of removal and summarily remand the action to the Jefferson Circuit Court pursuant to 28 U.S.C. § 1447(c) by separate Order of Remand.

Date:  February 18, 2022

Greg N. Stivers, Chief Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendant
        Clerk, Jefferson Circuit Court
4416.011